## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re: Dennis Campbell Harden  Case No. 14-33161-KRH
      Cindy Crittenden Harden  Chapter 13

**Debtors**

Address:  2715 Pine Ridge Lane
             Powhatan, VA 23139

Last four digits of Social Security No(s):  xxx-xx-3278 (Debtor)
                                                    xxx-xx-7018 (Joint Debtor)

### NOTICE OF OBJECTION TO CLAIM

The above named Debtors have filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified or eliminated.  You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then on or before November 8, 2014, you or your attorney must:

1. File with the court, at the address below, a written response to the objection and a request for a hearing.  Unless a written response is filed and served by the date specified, the court may decide that you do not oppose the objection to your claim.  If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.

                        Clerk of Court
                        United States Bankruptcy Court
                        701 E. Broad Street,  Suite 4000
                        Richmond, VA 23219-3515

Mark C. Leffler (VSB#40712)
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtors

2. You must also mail a copy to:

    Boleman Law Firm, P.C.
    P.O. Box 11588
    Richmond, VA 23230-1588

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Dated: October 9, 2014        BOLEMAN LAW FIRM, P.C.
                              Counsel for Debtors

                       By:   /s/ Mark C. Leffler
                              Mark C. Leffler (VSB#40712)
                              Boleman Law Firm, P.C.
                              P.O. Box 11588
                              Richmond, VA 23230-1588
                              Telephone (804) 358-9900
                              Counsel for Debtors

## **CERTIFICATE OF SERVICE**

I certify that on October 9, 2014, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system to the Chapter 13 Trustee and the United States Trustee, by U.S. 1st class mail to the Debtors at 2715 Pine Ridge Lane, Powhatan, VA 23139, by U.S. 1st class mail to Bucks Financial, LLC, 228 Park Ave. S #28282, New York, NT 10003-1502, and by U.S. 1st class mail to Bucks Financial, LLC, c/o Jacqueline W. Sharman, Esquire, Bowen Ten Cardani, P.C., 3957 Westerre Pkwy, Suite 105, Richmond, VA 23233.

                              /s/ Mark C. Leffler
                              Counsel for Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

In re: Dennis Campbell Harden                      Case No. 14-33161-KRH
       Cindy Crittenden Harden                              Chapter 13

               **Debtors.**

**OBJECTION TO CLAIM AND MEMORANDUM IN SUPPORT THEREOF**

**\*\*\*NOTICE OF TIME FOR FILING RESPONSE\*\*\***

**NOTICE IS HEREBY GIVEN that pursuant to Local Bankruptcy Rule Number 9013-1(H)(3)(d) of the Eastern District of Virginia, the Court may enter an order without a hearing if no response is filed to this objection within 30 days.**

The Debtors, by counsel, object to the Proof of Claim (Claim No. 2-1) filed by Bucks Financial, LLC, pursuant to 11 U.S.C. § 502, Federal Rules of Bankruptcy Procedure 3001, 3007 and 9014, and Local Bankruptcy Rules 3007-1 and 9013-1. In support thereof, Debtors respectfully state the following:

**Jurisdiction**

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157 in that this action arises in and relates to the bankruptcy case of the debtor, a chapter 13 case having been filed in this Court on June 10, 2014 (hereinafter the "Petition Date").

2. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

## Parties

4. Dennis Campbell Harden and Cindy Crittenden Harden (hereinafter "Mr. and Mrs. Harden"), are the debtors in this case. Mr. and Mrs. Harden are the owners as tenants by the entirety of real property located at 2715 Pine Ridge Lane, Powhatan, VA 23139 ("the Real Property").

5. Respondent, Bucks Financial, LLC (hereinafter "Bucks"), is, upon information and belief, a Delaware limited liability company that filed Proof of Claim No. 2-1 in this case ("the Proof of Claim"). Bucks is not registered with the Virginia State Corporation Commission.

## Facts

6. The following allegations of fact are made upon information and belief and such allegation should precede each allegation of fact as alleged and such terms are hereinafter inserted and incorporated by this reference.

7. On or about June 11, 2007, Mr. and Mrs. Harden executed a Note ("the Note") payable to GMAC Mortgage, LLC ("GMAC") as well as a Deed of Trust ("the Deed of Trust") securing payment of the Note. The Deed of Trust was recorded as a lien on Mr. and Mrs. Harden's Real Property.

8. According to the Proof of Claim, the original amount of the Note was for $158,100.00 plus interest.

9. Attached to the Proof of Claim is a document that purports to be a Corporate Assignment of Deed of Trust dated December 18, 2013, assigning the Deed of Trust from Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for GMAC Mortgage Corporation, its successors and/or assigns, to Ocwen Loan Servicing, LLC.

10. Also attached to the Proof of Claim is a document that purports to be a Corporate Assignment of Deed of Trust dated December 18, 2013, assigning the Deed of Trust from Ocwen Loan Servicing to Bucks Financial, LLC.

11. The Note is not attached to the Proof of Claim, nor is there any indication that Bucks is entitled to enforce the Note.

12. Mr. and Mrs. Harden are unable to assess whether Bucks properly has a right to assert a claim in this case or otherwise enforce the Note.

13. No information was provided in the Proof of Claim or the documents attached thereto indicating how Bucks came to be the holder of the Note, if at all.

14. Bucks alleges that the amount of the claim at the time the case was filed was $212,377.53, that the basis for the claim is "Mortgage/DOT", and that the amount of arrearage and other charges as of the time the case was filed is $51,917.04.

15. Also in the supplemental document to the Proof of Claim, Bucks provided an itemization of the various amounts that it alleges comprise the arrears claim of $51,917.04.

## Discussion

16. Mr. and Mrs. Harden have a fundamental need to verify that their mortgage payments are being made to the party entitled to receive such payments. "From the maker's standpoint, therefore, it becomes essential to establish that the person who demands payment of a negotiable note, or to whom payment is made, is the duly qualified holder. Otherwise, the obligor is exposed to the risk of double payment, or at least to the expense of litigation incurred to prevent duplicative satisfaction of the instrument." Adams v. Madison Realty & Dev. Inc., 853 F.2d 163, 168 (3d Cir. 1988).

17. "It is axiomatic that in federal courts a claim may only be asserted by the real party in interest." In re Smith, 419 B.R. 622, 628 (Bankr.E.D. Va. 2008).

18. Rule 17 of the Federal Rules of Civil Procedure requires that "[e]very action shall be prosecuted in the name of the real party in interest . . . . " In the Fourth Circuit, a real party in interest is defined as "a person who possesses the right to enforce the claim and who has a significant interest in the litigation." Virginia Elec. & power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (4th Cir. 1973).

19. Generally, a proof of claim filed in compliance with Federal Rules of Bankruptcy Procedure 3001(f) is entitled to an initial presumption of validity. Smith, 419 B.R. at 627. However, where a party challenges a claimant's standing to file a claim, "the party who filed the proof of claim must show that it is either the creditor or the creditor's authorized agent in order to obtain the benefits of Rule 3001(f)." Veal v. American Home Mortgage Servicing, Inc., et al. (In re Veal), 450 B.R. 897, 922 (9th Cir. BAP 2011).

20. Pursuant to 11 U.S.C. § 501(a), "A creditor or an indenture trustee may file a proof of claim." Section 101(10)(A) of the Bankruptcy Code defines "creditor", in part, as "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor". Further, Rule 3001(b) of the Federal Rules of Bankruptcy Procedure mandates that the proof of claim "shall be executed by the creditor or the creditor's authorized agent".

## Argument

21. Mr. and Mrs. Harden dispute Bucks' standing to file a claim in this bankruptcy case and request strict proof thereof.

22. If the Note is determined to be a bearer instrument, US Bank must prove that it was in legitimate possession of the Note when it filed the Proof of Claim.

23. Mr. and Mrs. Harden dispute the amounts set forth in the Proof of Claim as being ambiguous, inaccurate, and not fully explained or documented. Accordingly, Mr. and Mrs. Harden request strict proof thereof.

24. Bucks' claim also includes attorney's fees and other costs that are unsubstantiated; therefore, Mr. and Mrs. Harden deny liability as to those charges and request strict proof thereof.

WHEREFORE, Mr. and Mrs. Harden respectfully request that the Court sustain this Objection to Claim, disallow the claim as requested herein, and order such other and further relief as is just and proper.

Respectfully submitted,

**Dennis C. & Cindy C. Harden**

/s/ Mark C. Leffler
Mark C. Leffler (VSB#40712)
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtors

## CERTIFICATE OF SERVICE

I certify that on October 9, 2014 I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system to the Chapter 13 Trustee and the United States Trustee, by U.S. 1st class mail to the Debtors at 2715 Pine Ridge Lane, Powhatan, VA 23139, by U.S. 1st class mail to Bucks Financial, LLC, 228 Park Ave. S #28282, New York, NT 10003-1502, and by U.S. 1st class mail to Bucks Financial, LLC, c/o Jacqueline W. Sharman, Esquire, Bowen Ten Cardani, P.C., 3957 Westerre Pkwy, Suite 105, Richmond, VA 23233.

/s/ Mark C. Leffler
Counsel for Debtor