BOOK 725 PG. 236

When recorded mail to:
FIRST AMERICAN TITLE INSURANCE
LENDERS ADVANTAGE
1100 SUPERIOR AVENUE, SUITE 200
CLEVELAND, OHIO 44114
ATTN: FT1120

Account No.: 511463 ****
Branch No.: 996
Loan Product: 100% CLTV Standalone

MIN 100375-8250511146-0

Tax ID/Parcel # 028 D-13-6

☐ (check if applicable). This Deed of Trust represents a refinancing of an existing debt with the same
Lender, recorded as Instrument Number _____ (or in Deed Book _____, Page
____), secured hereby, pursuant to Section 58.1-803(D) of the Code of Virginia, as amended. The
original debt is in the amount of $_____ and the additional debt on which taxes are to be paid is
$_____.

# DEED OF TRUST AND ASSIGNMENT OF RENTS

12387802

## THIS IS A CREDIT LINE DEED OF TRUST

NOTICE: THIS DEED OF TRUST MAY SECURE BORROWINGS MADE BY AN
OWNER OF THE PROPERTY EVEN AFTER SUCH OWNER SELLS THE PROPERTY

THIS CREDIT LINE DEED OF TRUST AND ASSIGNMENT OF RENTS, as amended and extended (this "Deed of Trust"), is signed to secure advances under a GMAC Home Equity Line of Credit Agreement, as amended or extended (the "Agreement"); it is dated as of June 11, 2007, and is an agreement among Dennis C. Harden And Cindy C. Harden, Husband And Wife, who reside(s) at 2715 Pine Ridge Lane , Powhatan, Virginia 23139 as the grantor(s); Brandon Beswick, 1 Park West Circle, Suite 101, Midlothian, VA 23113 and Karen Morris, 620 Woodbrook Drive, Suite 2, Charlottesville, VA 22901, as the trustees; and GMAC Mortgage, LLC, a Delaware limited liability company f/k/a GMAC Mortgage Corporation, 100 Witmer Road, Horsham, PA 19044-0963 (herein "GMAC") and the Mortgage Electronic Registration Systems, Inc., P.O. Box 2026, Flint, MI 48501-2026 ("MERS") also as beneficiary acting solely as a nominee for GMAC and GMAC's successors and assigns under this Deed of Trust.

Throughout this Deed of Trust, and subject to the limitations in Paragraph 10, "we", "us" and "our" refer to grantor(s). "GMAC" refers to GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation or its assigns. The "Account" refers to the Home Equity line of credit account established by GMAC under the Agreement. "Trustee" refers to the trustee identified above, or any substitute trustee. "Borrower" refers to each person who signs the Agreement as borrower. The Agreement and this Deed of Trust, taken together, are called the "Credit Documents". "Signer" refers to any person (other than GMAC) who has signed a Credit Document.

## DESCRIPTION OF SECURITY

In consideration of the indebtedness described below and the trust created by this Deed of Trust, we irrevocably grant, bargain, sell and convey to Trustee, "with general warranty" and "with English convenants of title", as those terms are defined in Section 55-70 of the Code of Virginia, as amended and effective on the date of this Deed of Trust (the "Code"), subject to "Permitted Liens" (as defined below), in trust, with power of sale, (a) the real estate located at 2715 Pine Ridge Lane , Powhatan, County of Powhatan, State of Virginia 23139, more fully described in Schedule A; (b) all buildings and other structures on the property; (c) all rights we may have in any road, alley, easement or license regarding the property or in any mineral, oil, gas or water which is part of the property; (d) all rents and royalties from the property; (e) all proceeds of any insurance on the property and all refunds of premiums on such insurance; (f) all proceeds of any taking (or threatened taking) of the property by any governmental authority ("condemnation"); and (g) all fixtures on the property at any time (all the foregoing collectively, the "Property").

The Property includes all rights and interests which we now have or which we may acquire in the future. For example, if the security mortgaged under this Deed of Trust is a leasehold estate and we subsequently acquire fee title to the Property, the rights and interests granted to MERS acting solely as a nominee for GMAC by this Deed of Trust will include the fee title that we acquire. This Deed of Trust is also a Security Agreement under the Virginia Uniform Commercial Code and we hereby grant MERS acting solely as a nominee for GMAC a security interest in the property described in (d) through (g) above.  This Deed of Trust also constitutes a financing statement filed as a fixture filing in the official records of the clerk's office of the county or city where the Property is located, with respect to any and all fixtures included within the term "Property" and with respect to any goods or other personal property that may now or hereafter become part of such fixtures.

GMAC-VA

Identifier:8255111463    Doc Type:MTGR

BOOK 725 PG. 237

**SECURED OBLIGATIONS**

We have signed and delivered this Deed of Trust to secure payment to GMAC by Borrower of up to $158,100.00 (which is the maximum aggregate amount of principal advances to be secured at any one time by this Deed of Trust), plus FINANCE CHARGES and any other amounts due GMAC under the Agreement (the "Total Balance Outstanding"), and to secure performance by Borrower under the Agreement and our performance of the covenants of this Deed of Trust (collectively, the "Secured Obligations").

**PRIORITY OF ADVANCES**

The lien of this Deed of Trust will attach on the date this Deed of Trust is recorded. The indebtedness evidenced by the Credit Documents is a revolving indebtedness. The Credit Documents provide that amounts may be advanced, repaid and readvanced from time to time in accordance with the terms and provisions of the Agreement. Accordingly, the aggregate advances during the term of the Credit Documents may exceed the Credit Limit. However, the Total Balance Outstanding less FINANCE CHARGES at any time (the "Earning Balance Outstanding") shall never exceed the Credit Limit, except for advances made to protect the lien of this Deed of Trust. We agree that the lien and security title of this Deed of Trust shall not be deemed released or extinguished by operation of law or implied intent of the parties if the Total Balance Outstanding is zero as of the date of this Deed of Trust or is from time to time reduced to zero by payments made to GMAC.

**REPRESENTATIONS AND DUTIES**

We represent and promise that, except for Permitted Liens: (a) we own the Property; (b) we have the right to grant and convey the Property to Trustee; and (c) there are no outstanding claims or charges against the Property. The term "Permitted Lien" means (x) any mortgage, deed to secure debt or deed of trust ("security instrument") disclosed to GMAC by any Signer in applying for the Account, to the extent that the amount secured by such security instrument does not exceed the amount disclosed on such application; and (y) any liens, claims and restrictions of record that do not individually or collectively have a material adverse impact upon GMAC's security, the value of the Property or the Property's current use.

We will neither take nor permit any action to partition, subdivide or change the condition of title to all or any part of the Property. We will not amend any Permitted Lien without GMAC's prior written consent.

**CERTAIN PROVISIONS OF THE AGREEMENT**

We understand that GMAC may, under certain circumstances set forth in the Agreement, cancel its obligation to make future advances and/or require repayment at once of the Total Balance Outstanding. GMAC may change the terms of the Agreement, including terms relating to FINANCE CHARGES, as provided in the Agreement, without impairing its rights under this Deed of Trust.

Under the Agreement, FINANCE CHARGES are based on the "prime rate" published in The Wall Street Journal or in certain circumstances the "prime rate" published in The New York Times or a similar index selected by GMAC. The rate of FINANCE CHARGES changes on a daily basis as the index or the amount outstanding under the Agreement increases or decreases. We understand that Borrower will not receive advance notice of such changes.

**PROMISES AND AGREEMENTS**

We agree with GMAC as follows:

1.    **TIMELY PAYMENT.**  Borrower shall pay when due all sums owed GMAC under the Credit Documents.

2.    **APPLICATION OF PAYMENTS.**  All payments shall be applied by GMAC as set forth in the Agreement.

3.    **MORTGAGES AND DEEDS OF TRUST; CHARGES; LIENS.**  We shall make payments when due and perform all our obligations under any mortgage, deed of trust or other security agreement on the Property.

We shall pay or cause to be paid when due all loans, taxes, assessments, charges, fines, impositions and rents of any kind relating to the Property ("Assessments"). Receipts evidencing such payments shall be delivered to GMAC upon its request. Except for Permitted Liens, we shall not allow any encumbrance, charge or lien on the Property to become prior to this Deed of Trust.

2

BOOK 725 PG. 238

4. HAZARD INSURANCE; CONDEMNATION.

(a) We shall, at our cost, keep all improvements on the Property insured against loss caused by hazards included in the term "extended coverage" or by other hazards GMAC may reasonably specify. Hazard insurance shall be in an amount equal to the lesser of (i) the full replacement cost of the building that is part of the Property or (ii) the amount of this Deed of Trust plus the total amount of all Permitted Liens; but never less than the amount necessary to satisfy any coinsurance requirement contained in the insurance policy.

All insurance policies and renewals must be in a form acceptable to GMAC, with insurers selected by us which are approved by GMAC (such approval may not be unreasonably withheld), and must include a standard mortgagee clause in favor of GMAC. GMAC shall have the right to hold the policies and renewals, subject to the terms of any Permitted Liens. If we pay the premiums directly, we shall provide GMAC with all renewal notices and, if requested by GMAC, all receipts for premiums. If policies and renewals are held by any other person, we shall supply copies of them to GMAC within ten calendar days after they are issued.

In the event of loss, we shall give prompt notice to the insurance company and GMAC. GMAC may file a proof of loss if we fail to do so promptly.

(b) The proceeds of any condemnation of the Property shall be paid to GMAC, subject to any Permitted Liens. We shall give GMAC notice of any threatened condemnation and sign all documents required to carry out this paragraph 4. No condemnation settlement may be made without GMAC's prior written approval which shall not be unreasonably withheld.

(c) Subject to the terms of any Permitted Lien, GMAC may elect to apply the proceeds of any insurance or condemnation (after payment of all reasonable costs, expenses and attorneys' fees paid or incurred by GMAC and us) to pay the Secured Obligations, to repair or reconstruct the Property, and/or to pay us for our loss. In the event that such proceeds are not used entirely for repair and reconstruction, we shall provide GMAC with a new appraisal or valuation of the Property, conducted by a person or entity and in a form reasonably acceptable to GMAC, unless GMAC waives this requirement in writing. The receipt of proceeds shall not cure or waive any default or notice of default under this Deed of Trust or invalidate any act done pursuant to such notice.

If the Property is abandoned by us, or if we fail to respond to GMAC in writing within 30 calendar days from the date notice of a proposed insurance or condemnation settlement is given to us, GMAC may settle the claim, collect the proceeds and apply them as set forth above.

If the Property is acquired by GMAC, all of our right, title and interest in and to any insurance or condemnation proceeds or refunds of insurance premiums shall become the property of GMAC to the extent of the sums secured by this Deed of Trust.

5. MAINTENANCE OF THE PROPERTY; LEASEHOLDS; CONDOMINIUMS; PLANNED UNIT DEVELOPMENTS. We shall: use, improve and maintain the Property in compliance with law; keep the Property in good repair and pay when due all repair costs; prevent waste, impairment and/or deterioration of the Property; and comply with the provisions of any lease of the Property.

6. PROTECTION OF GMAC SECURITY. We shall appear in and defend any action or proceeding which may affect the security of GMAC or Trustee under this Deed of Trust or result in a violation of paragraph 3 above. If such an action is filed or we violate either Credit Document, then GMAC or Trustee may disburse funds and do whatever it believes necessary to protect the security of this Deed of Trust. The party doing so shall give us notice but need not make demand or release us from any obligation.

Any amounts paid by GMAC or Trustee under this paragraph 6, with FINANCE CHARGES at the variable rate in effect under the Agreement, shall be paid by us upon demand. Until paid by us, such amounts are secured by this Deed of Trust. Neither GMAC nor Trustee is required to incur any expense or take any action under this Deed of Trust and no action taken nor any inaction shall release us from any duty under the Credit Documents or applicable law.

3

BOOK 725 PG. 239

7.  **INSPECTION.** Representatives of GMAC may inspect the Property from time to time. Except in an emergency, GMAC must first give notice specifying reasonable cause for the inspection.

8.  **FINANCE CHARGES AFTER END OF ACCOUNT AND/OR JUDGMENT.** To the extent permitted by law, we agree that FINANCE CHARGES after the end of the Account and/or after a judgment is entered shall continue to accrue at the rates and in the manner specified in the Agreement.

9.  **OUR CONTINUING DUTIES AND GMAC'S RIGHTS; WAIVERS.** No waiver of any GMAC or Trustee right under the Credit Documents shall release or limit our liability, Borrower's liability or that of our successors or Borrower's successors, nor shall any waiver affect the lien or priority of this Deed of Trust. Neither GMAC nor Trustee shall be required to start proceedings against any successor or modify payment terms by reason of any demand made by Borrower, us or any successor.

No GMAC or Trustee act or failure to act shall waive any right under this Deed of Trust. All waivers must be in writing and signed by GMAC; they shall apply only to the extent and with respect to the event specified in the writing. Obtaining insurance, or paying taxes, other liens or charges shall not be a waiver of GMAC's right to demand payment at once of the sums secured by this Deed of Trust in the event of a default under the Credit Documents.

10. **SUCCESSORS AND ASSIGNS; JOINT AND SEVERAL LIABILITY.** This Deed of Trust shall bind us and our respective successors and permitted assigns for the benefit of GMAC and its successors and assigns. All agreements made by us or any successor are joint and several and may be enforced against each of us or any successor. Renewal, extension and reinstatement are permitted, as described in Section 55-60 of the Code.

Any Signer who does not execute the Agreement ("Co-Grantor") is not personally liable under the Credit Documents. Rather, each Co-Grantor is co-signing to encumber such Co-Grantor's interest in the Property. Each Co-Grantor agrees that GMAC and any Signer may modify either Credit Document, without notice to or consent from such Co-Grantor and without impairing GMAC's rights under the Credit Documents. Each Co-Grantor also waives (a) any right such Co-Grantor might otherwise have to require GMAC to proceed first against any Borrower or any other person or to pursue any remedy in GMAC's power, (b) any defense or right such Co-Grantor might otherwise have arising out of any release granted any Borrower or any defense that any Borrower may have against liability (other than for full payment), (c) any defense against GMAC arising out of GMAC's exercise of a power of sale upon the Property, even if such sale results in the loss of any right of subrogation or other right of such Co-Grantor against any Borrower or other person, and (d) the benefit of any statute of limitations affecting enforcement of this Deed of Trust.

11. **NOTICES.** All notices shall be in writing. Except where applicable law or clause (c) below requires otherwise:

(a)  GMAC notices shall be hand delivered or mailed by first class, registered or certified mail to the address of the Property or to such other address specified by the person whose address is changed in a written notice given to GMAC. Any GMAC notice shall be considered given on the day it is deposited in the U.S. mail (with proper postage affixed) or on the day it is hand-delivered.

(b)  Our notices shall be mailed to GMAC by first class, registered or certified mail to the address for such notices specified on our most recent monthly statement under the Agreement or to such other address specified by GMAC in a written notice given to us. Any such notice shall be considered given on the day it is received by GMAC.

(c)  For purposes of Section 55-58.2 of the Code, (i) the name of the noteholder secured is GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation, and (ii) GMAC's address for receiving communications pursuant to Section 55-58.2 is 100 Witmer Road, Horsham, PA 19044-0963. However, GMAC may specify another address for such notices. We agree to amend this Deed of Trust upon request by GMAC to reflect any change in address for purposes of Section 55-58.2 of the Code.

4

Identifier: 8255111463    Doc Type:MTGR

BOOK 725 PG. 210

12. **GOVERNING LAW; SEVERABILITY.** This Deed of Trust shall be governed by the laws of the State of Virginia. Except to the extent this Deed of Trust provides otherwise, it shall be interpreted in accordance with the provisions of Chapter 4, Article 2 of Title 55 of the Code. In the event that any provision of any of the Credit Documents conflicts with applicable law, such conflict shall not affect other provisions of the Credit Documents which can be given effect without the conflicting provision, and to this end the provisions of the Credit Documents are declared to be severable.

13. **COPIES.** We shall receive copies of the Credit Documents at the time they are signed or after this Deed of Trust is recorded. Within 10 days after its receipt from us, or our designee of a written request for payoff information, which request must contain the Account Number set forth on the first page of the Agreement and the address or other adequate description of the location of the Property, GMAC will mail or deliver to us or our designee a written statement setting forth the total amount to be paid as of a particular date in order to obtain a release of this Deed of Trust. Such a request for payoff information may be made without charge one time within any 12-month period. We will pay a fee of $15 for each additional request made within any 12-month period.

14. **EXERCISING REMEDIES.** GMAC may exercise all of the rights and remedies provided by the Credit Documents or law, and any of these rights and remedies may be exercised individually or jointly, once or a number of times.

15. **EVENTS OF DEFAULT.**

(a) The events set forth in paragraph 15(b) are Events of Default if and when GMAC gives any Signer notice of default. We agree to notify GMAC promptly upon the happening of any event that would be an Event of Default, under either Credit Document upon the giving of notice by GMAC.

(b) After giving notice of default, GMAC may end the Account and/or demand repayment at once of the Total Balance Outstanding in any of the following events:

(i) There has been fraud or material misrepresentation by any Signer in connection with the Account;

(ii) Borrowers have failed to meet the repayment terms of the Agreement for any amount outstanding; or

(iii) Any action or inaction by any Signer has adversely affected the Property or any right of GMAC in the Property; to the extent permitted by law, this, will include, but not be limited to, any Signer (or any legal representative or successor of any Signer) agreeing to sell, transfer or assign or selling, transferring or assigning any interest in the Property, without the prior written consent of GMAC.

**NOTICE - THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

(c) Notwithstanding any language in this Deed of Trust to the contrary, GMAC will not take any action in the event of default unless permitted by applicable law and GMAC will give us any grace period, right to cure and/or reinstatement right required by applicable law. This paragraph 15 is intended to give GMAC all rights permitted by applicable law.

16. **POWER OF SALE AND RELATED MATTERS. IF BORROWERS DO NOT REPAY THE TOTAL BALANCE OUTSTANDING AT ONCE WHEN DUE, GMAC MAY EXERCISE ANY RIGHT AVAILABLE TO IT UNDER APPLICABLE LAW, INCLUDING INVOKING THE POWER OF SALE UNDER THIS DEED OF TRUST. GMAC SHALL BE ENTITLED TO COLLECT ALL REASONABLE COSTS AND EXPENSES, SUCH AS ATTORNEYS' FEES, INCURRED IN PURSUING THE REMEDIES PROVIDED ABOVE.**

Identifier:8255111463    Doc Type:MTGR

5

BOOK 725 PG. 241

IF GMAC INVOKES THE POWER OF SALE UNDER THIS DEED OF TRUST, GMAC SHALL EXECUTE, OR CAUSE TRUSTEE TO EXECUTE, A WRITTEN NOTICE OF THE OCCURRENCE OF AN EVENT OF DEFAULT AND OF GMAC'S ELECTION TO ACCELERATE THE SECURED OBLIGATIONS AND CAUSE THE PROPERTY TO BE SOLD. GMAC SHALL CAUSE SUCH NOTICE TO BE MAILED IN THE MANNER REQUIRED BY APPLICABLE LAW, TO US AND TO ANY OTHER PERSONS WHO ARE ENTITLED TO NOTICE UNDER APPLICABLE LAW. IN ADDITION, GMAC SHALL DEPOSIT WITH TRUSTEE BOTH CREDIT DOCUMENTS AND SUCH RECEIPTS AND EVIDENCE OF EXPENDITURES AS TRUSTEE MAY REQUIRE.

UPON RECEIPT OF GMAC'S REQUEST TO SELL THE PROPERTY, TRUSTEE SHALL PROCEED TO DO SO, EITHER AS A WHOLE OR IN SEPARATE LOTS OR PARCELS. THE SALE SHALL BE AT PUBLIC AUCTION AT SUCH TIME AND PLACE AND UPON SUCH TERMS AND CONDITIONS AS TRUSTEE SHALL DEEM ADVISABLE. THE SALE SHALL BE EFFECTED IN SUCH ORDER AS TRUSTEE SHALL DETERMINE. TRUSTEE SHALL GIVE NOTICE OF THE TIME, PLACE AND TERMS OF SALE AT LEAST FIVE DIFFERENT TIMES PRIOR TO THE SALE BY ADVERTISEMENT IN ONE OR MORE NEWSPAPERS PUBLISHED OR HAVING GENERAL CIRCULATION IN THE CITY OR COUNTY IN WHICH THE PROPERTY IS LOCATED. THIS IS THE "ADVERTISEMENT REQUIRED" BY THIS DEED OF TRUST AND NO OTHER OR DIFFERENT ADVERTISEMENT SHALL BE NECESSARY. IN ANY SUCH SALE, GMAC MAY BID AND BECOME THE PURCHASER OF THE PROPERTY. THE PROCEEDS OF ANY SUCH SALE SHALL BE APPLIED BY TRUSTEE IN ACCORDANCE WITH SECTION 55-59.4 OF THE CODE. AS AUTHORIZED BY THAT SECTION, A BIDDER'S DEPOSIT OF NOT MORE THAN 10% OF THE SALE PRICE MAY BE REQUIRED; IN THE CASE OF GMAC, THE DEPOSIT MAY BE IN THE FORM OF A CREDIT AGAINST THE SECURED OBLIGATIONS REMAINING UNPAID. TRUSTEE MAY POSTPONE ANY ADVERTISED OR ANNOUNCED SALE OF ALL OR ANY PORTION OF THE PROPERTY BY MAKING A PUBLIC ANNOUNCEMENT AT THE SCHEDULED TIME AND PLACE OF THE SALE. TRUSTEE SHALL ADVERTISE THE POSTPONED SALE IN THE MANNER DESCRIBED ABOVE.

BEFORE TAKING ANY ACTION HEREUNDER, TRUSTEE MAY REQUIRE SATISFACTORY INDEMNITY FOR THE REIMBURSEMENT OF ALL ITS COSTS AND EXPENSES AND TO PROTECT IT AGAINST ALL LIABILITY, EXCEPT LIABILITY WHICH IS JUDGED BY A COURT TO HAVE RESULTED FROM TRUSTEE'S NEGLIGENCE OR WILLFUL MISCONDUCT. TRUSTEE SHALL NOT BE LIABLE FOR THE RECORDING OF THIS DEED OF TRUST NOR FOR ITS VALIDITY, PRIORITY OR TERMS, NOR SHALL TRUSTEE BE LIABLE FOR ANY MISCONDUCT OF AN AGENT OR ATTORNEY APPOINTED BY TRUSTEE IN GOOD FAITH. TRUSTEE MAY ACT UPON ANY INSTRUMENT BELIEVED BY TRUSTEE IN GOOD FAITH TO BE GENUINE AND TO BE SIGNED BY THE PROPER PARTY OR PARTIES AND SHALL BE FULLY PROTECTED FOR ANY ACTION TAKEN OR SUFFERED IN RELIANCE ON SUCH INSTRUMENT.

AT ANY TIME, TRUSTEE MAY CONSULT COUNSEL FOR THE PURPOSES OF THIS TRUST AND SHALL BE PROTECTED IN ANY ACTION TAKEN OR ALLOWED BY TRUSTEE IN ACCORDANCE WITH THE OPINION OF COUNSEL.

TRUSTEE SHALL BE ENTITLED TO REASONABLE COMPENSATION FOR ALL SERVICES RENDERED IN THE EXECUTION OF ITS DUTIES UNDER THIS DEED OF TRUST. GRANTORS AGREE TO PAY AND SATISFY ALL COSTS, EXPENSES AND LIABILITY FOR WHICH TRUSTEE IS INDEMNIFIED HEREUNDER OR PURSUANT HERETO; UNTIL THE PAYMENT AND SATISFACTION THEREOF, SUCH COSTS, EXPENSES AND LIABILITY SHALL CONSTITUTE SECURED OBLIGATIONS.

THE POWER OF SALE UNDER THIS DEED OF TRUST SHALL NOT BE EXHAUSTED BY ANY ONE OR MORE SALES (OR ATTEMPTS TO SELL). RATHER, THE POWER OF SALE SHALL CONTINUE UNIMPAIRED AS TO ALL OR ANY PORTION OF THE PROPERTY REMAINING UNSOLD, UNTIL ALL OF THE PROPERTY HAS BEEN SOLD OR THE SECURED OBLIGATIONS HAVE BEEN PAID IN FULL.

6

Identifier:8255111463    Doc Type:MTGR

BOOK 725 PG. 242

**17. ASSIGNMENT OF RENTS; RECEIVERS; GMAC POSSESSION OF THE PROPERTY.** As additional security, we hereby assign to GMAC any rents due on the Property after an Event of Default or abandonment of the Property. In any action to invoke the power of sale under this Deed of Trust, GMAC shall be entitled to the appointment of a receiver.

If an Event of Default occurs or we abandon the Property, GMAC, without notice, may enter upon, take possession of, and manage the Property. GMAC may then collect or sue in its own name for any rents due on the Property. All rents so collected shall be applied first to payment of the reasonable costs of operation and management of the Property (such as collection costs, receiver's fees, bond premiums and attorneys' fees) and then to the Total Balance Outstanding. GMAC and the receiver must account only for rents actually received.

Acts taken by GMAC under this paragraph 17 shall not cure or waive any Event of Default or invalidate any act done pursuant to notice of default.

We will not, without the written consent of GMAC, receive or collect rent from any tenant on the Property more than one month in advance. Upon an Event of Default, we will pay, monthly in advance to GMAC or any receiver the fair and reasonable rental value of the Property or that part of the Property in our possession. If we fail to pay such rent, we will vacate and surrender the Property to GMAC or to such receiver. We may be evicted by summary proceedings.

**18. RELEASE.** Upon payment of all sums secured by this Deed of Trust, termination of the Account, delivery to GMAC of all checks providing access to the Account and the passage of at least 14 days after satisfaction of the first three conditions, GMAC shall cause the Property to be released from the lien of this Deed of Trust. If a deed of release is used, the Trustee shall release the Property, without warranty, to those of us legally entitled thereto. We will pay any clerk's fee in connection with such release, or reimburse GMAC if it pays any such fee.

**19. REQUEST FOR NOTICES.** GMAC requests that copies of notices of default and sale from the holder of any lien which has priority over this Deed of Trust be sent to GMAC at 100 Witmer Road, Horsham, PA 19044-0963.

**20. EXHIBITS, SCHEDULES AND RIDERS, ETC.** The terms of any Exhibit, Schedule or Rider attached to this Deed of Trust or executed and recorded with this Deed of Trust shall be treated as if fully set forth in this Deed of Trust. All of the terms of the Agreement are made part of this Deed of Trust.

**21. TIME OF ESSENCE.** Time is of the essence in this Deed of Trust.

**22. ACTUAL KNOWLEDGE.** For purposes of the Credit Documents, GMAC shall not be deemed to have actual knowledge of any fact until it actually receives notice as set forth in paragraph 11 or until it receives written notice thereof from a source GMAC reasonably believes to be reliable. The date of receipt shall be determined by reference to the "Received" date stamped on such written notice by GMAC or its agent.

**23. TAXES.** If taxes on deeds of trust or the debts they secure increase in any way after the date of this Deed of Trust, we shall pay the full amount of any such increase.

**24. WAIVER OF STATUTORY RIGHTS.** To the extent permitted by law, for ourselves and our successors and assigns, we hereby waive (a) all exemptions, as described in Section 55-60 of the Code, (b) the benefit of all homestead, dower, curtesy, appraisement, valuation, redemption, reinstatement, stay, extension and moratorium laws now existing or hereafter enacted, and (c) any right to have the Property marshalled upon any invocation of the power of sale. We further agree that any court having jurisdiction may order the Property sold as an entirety.

7

Identifier: 8255111463    Doc Type:MTGR

Identifier: 8255111463    Doc Type: MTGR

BOOK 725 PG. 243

**25. EXPENSES OF LITIGATION.** In any proceeding to enforce any remedy of GMAC under the Credit Documents there shall be allowed and included, to the extent permitted by law, as additional indebtedness in the judgment or decree, any court costs and reasonable collection expenses which may be paid or incurred by GMAC upon and after default for attorneys; paralegals; legal assistants; appraisers; documentary and expert evidence; stenographers; publication; surveys; abstracts of title; title searches; title insurance policies; and similar items which GMAC reasonably considers necessary in such proceeding or to evidence to bidders at any sale the true condition of the title to or value of the Property. Such expenses may be estimated to the extent they will be incurred after entry of the decree. All such expenses, and those that may be incurred to protect and maintain the Property or the lien of this Deed of Trust, shall be payable upon demand.

**26. CAPTIONS; GENDER; ETC.** The headings in this Deed of Trust are not to be used to interpret or define its provisions. In this Deed of Trust, the masculine gender includes the feminine and/or neuter, singular numbers include the plurals, and plurals include the singular.

**27. CERTAIN TRUSTEE MATTERS.** Substitution of Trustee is permitted, as described in Section 55-60 of the Code, at the discretion of GMAC, at any time and for any reason whatsoever. Trustee may act hereunder although Trustee may have been, may now be or may hereafter be attorney or agent of GMAC regarding the Credit Documents or any other matter. At any time, without liability and without notice, upon written request of GMAC and us, Trustee may consent to the making of any map or plat of the Property, join in granting any easement on the Property, join in any subordination or other agreement affecting this Deed of Trust, or reconvey, without warranty, all or any part of the Property.

**28. MERGER.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate of GMAC in the Property, without the written consent of GMAC.

**29. DEFERRED PURCHASE MONEY.** If the box next following is checked, this Deed of Trust secures "deferred purchase money", as described in Section 55-60(2) of the Code. [ ]

**30. MERS.** Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust, but, if necessary to comply with local law or custom MERS (as nominee for GMAC and GMAC's successors and assigns) has the right: to exercise any or all of these interests, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender including but not limited to, releasing and canceling this Deed of Trust.

By signing this Deed of Trust, we agree to all of the above.

_____          _____
Dennis C. Harden                                     Cindy C. Harden
MORTGAGOR                                           MORTGAGOR

_____          _____
MORTGAGOR                                           MORTGAGOR

STATE OF VIRGINIA
County OF Powhatan TO WIT:

The foregoing instrument was acknowledged before me in my jurisdiction aforesaid 11 day of June, 2007 by Dennis C. Harden And Cindy C. Harden, Husband And Wife.

My commission expires May 31, 2009

_____
Notary Public

8

Identifier:8255111463    Doc Type:MTGR

BOOK 725 PG. 244

THIS INSTRUMENT PREPARED BY:
Rick Boyd
GMAC Mortgage
4 Walnut Grove Drive
Horsham, PA 19044-0963

RECORDING REQUESTED BY:
GMAC Mortgage

WHEN RECORDED MAIL TO:
GMAC Mortgage
Home Equity Funding
4 Walnut Grove Drive
Horsham, PA 19044-0963

RESERVE THIS SPACE FOR USE OF RECORDING OFFICE

MORTGAGE

Title No. _____

BOOK 725 PG. 245

## EXHIBIT "A"

### LEGAL DESCRIPTION

A PARCEL OF LAND SITUATED IN THE STATE OF VIRGINIA, COUNTY OF POWHATAN, WITH A STREET LOCATION ADDRESS OF 2715 PINE RIDGE LN; POWHATAN, VA 23139-5031 CURRENTLY OWNED BY DENNIS C HARDEN AND CINDY C HARDEN HAVING A TAX IDENTIFICATION NUMBER OF 028D-1J-6 AND FURTHER DESCRIBED AS SPENCERWOOD WEST LOT 6 BLOCK J.

028D-1J-6
2715 PINE RIDGE LN; POWHATAN, VA 23139-5031

5111463 / 5111463         HARDEN                    VA
33823866/f                12587800

FIRST AMERICAN LENDERS ADVANTAGE
DEED OF TRUST

Identifier:8255111463    Doc Type:MTGR

INSTRUMENT #070004099
RECORDED IN THE CLERK'S OFFICE OF
POWHATAN ON
JULY 12, 2007 AT 02:43PM
WILLIAM E. MAXEY, JR., CLERK

RECORDED BY: RWN

#4099-07
Mailed to:
Attn National Recording
First American
1100 Superior Ave Ste 200
Cleveland, OH 44114-9804

10

BOOK 725 PG. 245

EXHIBIT "A"

LEGAL DESCRIPTION

A PARCEL OF LAND SITUATED IN THE STATE OF VIRGINIA, COUNTY OF POWHATAN, WITH A STREET LOCATION ADDRESS OF 2715 PINE RIDGE LN; POWHATAN, VA 23139-5031 CURRENTLY OWNED BY DENNIS C HARDEN AND CINDY C HARDEN HAVING A TAX IDENTIFICATION NUMBER OF 028D-1J-6 AND FURTHER DESCRIBED AS SPENCERWOOD WEST LOT 6 BLOCK J.

028D-1J-6
2715 PINE RIDGE LN; POWHATAN, VA 23139-5031

5111463 / 5111463
33823866/£

HARDEN
12587800       VA
FIRST AMERICAN LENDERS ADVANTAGE
DEED OF TRUST

INSTRUMENT #070004099
RECORDED IN THE CLERK'S OFFICE OF
POWHATAN ON
JULY 12, 2007 AT 02:43PM
WILLIAM E. MAXEY, JR., CLERK
RECORDED BY: RWN

#4099-07
Mailed to:
Attn National Recording
First American
1100 Superior Ave Ste 200
Cleveland, OH 44114-9804

Identifier:8255111463    Doc Type:MTGR